**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EFREN MARTINEZ MEDINA** § | | |
| ID # 36369-177 § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | NO. 3:12-CV-3702-M-BN | |
| § | | |
| **UNITED STATES OF AMERICA, et. al,** § | Referred to U.S. Magistrate Judge | |
| Defendants. § | | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. Based on the relevant filings and applicable law, all claims against the named and unnamed individuals and all claims against the United States, except for those under the Federal Tort Claims Act, should be dismissed. The Federal Tort Claims Act Claims against the United States should proceed.

**I. BACKGROUND**

This is a *pro se* civil action brought by Efren Martinez Medina (Plaintiff), a Texas prisoner, against the United States, two federal prosecutors, two federal public defenders, and 100 unnamed agents or officers of local police departments and the United States. (*See* Compl. (doc. 3); MJQ (doc. 8), Ans. 1(a), 3, 4(a), 5.)[1] His claims arise under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (FTCA), *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (*Bivens*), and 42 U.S.C. § 1983. (*See* doc. 1; doc. 8, Ans. 1, 3-5.)

On or about May 23, 2007, Plaintiff was arrested by officers with the Coppell Police

---

[1]Plaintiff's answers to the Magistrate Judge's Questionnaires (MJQ) constitute an amendments to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Department and charged with the possession and transfer of multiple false driver's licenses and social security cards. (*See* doc. 8, Ans. 1(f); *see also* No. 3:07-CR-203-N (N.D. Tex.), doc. 28 at 5-6). On October 2, 2007, he pled guilty to conspiracy to possess, produce, and transfer false identification documents and to possess document-making implements (Count 1); unlawful transfer of false identification documents (Count 2); unlawful possession and aiding and abetting the unlawful possession of false identification documents with intent to use and transfer unlawfully (Count 4); unlawful possession and aiding and abetting the unlawful possession of document-making implements to produce false identification documents (Count 5); and aggravated identity theft (Count 6). (*See* No. 3:07-CR-203-N, doc. 28.) He was sentenced to a total of 48 months imprisonment, followed by a term of supervised release of two years on March 10, 2008. (*See* No. 3:07-CR-203-N, doc. 56.) His conviction and sentence were affirmed on direct appeal. *See United States v. Martinez*, 322 F. App'x 384 (5th Cir. 2009).

Plaintiff was deported to Mexico on June 20, 2009. (*See* doc. 8, Ans. 1(b), 4(b).) On July 14, 2009, the Supreme Court vacated the judgment and remanded for reconsideration in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009).² *See Martinez v. United States*, 129 S. Ct. 2869 (2009); doc. 8, Ans. 1(f), 4(b); No. 3:07-CR-203-N, doc. 71. After remand by the Fifth Circuit, Plaintiff filed an unopposed motion to vacate the aggravated identity theft conviction and for immediate re-sentencing *in absentia* in the district court. (*See* doc. 8, Ans. 1(f); No. 3:07-CR-203-N, doc. 73.) Attached is his sworn affidavit dated July 29, 2009, stating "I understand that the United States Court of Appeals for the Fifth Circuit has vacated my conviction for count six (aggravated identity theft), and has remanded for resentencing." (No. 3:07-CR-090-N, doc. 73, App'x C at 1 ¶2.)

---

² *Flores-Figueroa* resolved a circuit split by holding that aggravated identity theft requires actual knowledge that the false identification belongs to another person.

The Court granted the motion and re-sentenced Plaintiff to concurrent terms of 24 months imprisonment on the remaining counts on August 25, 2009. (*See* doc. 8, Ans. 1(f); No. 3:07-CR-203-N, docs. 75, 76.)

Plaintiff apparently subsequently re-entered the United States and was apprehended and charged with illegal re-entry. (*See* doc. 8, Ans. 1(b), 4(f)). He now contends that it was at his sentencing for this illegal re-entry on June 20, 2011, that he first learned that his prior conviction had been vacated and that he had served more time than his ultimate sentence. (*See* doc. 8, Ans. 1(g), 5(c), 6.) He claims that he served 27 months, which was six or seven months more than what he was required to serve under his new sentence. (*See* doc. 8, Ans. 1(b), (g).)

Plaintiff claims that the United States is liable for the actions of its employees, which resulted in his unnecessary imprisonment. (*See* doc. 3 at 4; doc. 8, Ans. 1, 4(f).) He also alleges that the individual defendants violated his civil rights because his arrest was the result of an unlawful search and seizure, evidence was planted, police reports were falsified, false testimony was provided, and he was arrested without probable cause. (*See* doc. 8, Ans. 3(c)). He also claims that his guilty plea was involuntary, and he was deported without due process. (*See id.* at #1(b), 4). He submitted his administrative tort claim to the Bureau of Prisons on May 21, 2012, and it denied his claim as time-barred on June 18, 2012. (*See* doc. 3 at 6-7.)

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also sub-

3

ject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

### III. FTCA

Plaintiff sues the United States under the FTCA for the alleged negligent actions of its employees. (*See* doc. 3; doc. 8 at Ans. 1.)[3]

---

[3] Plaintiff does not appear to allege a FTCA claim against the named individuals in their individual capacities. The only proper defendant in a FTCA action is the United States; individual defendants cannot be sued under the FTCA in an individual capacity. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). To the extent that he sues them under the FTCA in an official capacity, (*see* doc. 8, Ans. 1(a)), any

4

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Presentment of an administrative claim within two years of accrual is also a jurisdictional requirement. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, 189 (5th Cir. 2011) (per curiam) (citing *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998)); 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). The statute of limitations begins running from the time the plaintiff knows or has reason to know of his injury. *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

Here, Plaintiff's sworn affidavit dated July 29, 2009, filed of record in court, expressly acknowledged his understanding that his conviction for aggravated identity theft had been vacated

---

FTCA claims against them in an official capacity are treated as a suit against the United States, *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D.Tex. 2001). Any FTCA claims against the individuals should therefore be dismissed.

5

and requested that he be re-sentenced *in absentia*. (*See* No. 3:07-CR-090-N, doc. 73, App'x C at 1 ¶2.) He now contends via a sworn complaint and sworn answers to the questionnaire, however, that he first learned that his prior conviction had been vacated and that he had served more months than his sentence at his subsequent sentencing for illegal re-entry on June 20, 2011. (*See* doc. 8, Ans. 1(g), 5(c), 6.) Liberally construing his seemingly conflicting claims in the light most favorable to him, the plaintiff seems to be arguing that he did not know that he had served too much time until the sentencing for illegal re-entry because he did not know what his new sentence in his previous case would be until it was imposed, and he had already been deported by that time. Accordingly, this claim survives preliminary screening.

## IV.  BIVENS

Plaintiff also sues named and unnamed individuals under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* doc. 8, Ans. 4.)

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A plaintiff must allege a deprivation of rights, privileges, or immunities secured by the Constitution

or laws of the United States in order to state a viable claim under *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

**A.**     ***Heck* Bar**

Plaintiff's *Bivens* claims arising from his prosecution and conviction appear to be barred at least in part by *Heck v. Humphrey*, 512 U.S. 477 (1994). It provides that a plaintiff who seeks to recover damages for allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars all or some of Plaintiff's claims is not required. *See Patton v. Jefferson Correct-ional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

**B.**     **Sovereign Immunity**

To the extent Plaintiff is attempting to assert a *Bivens* claims against the United States and/or its employees in their official capacities, sovereign immunity protects the United States and the

7

federal employees sued in their official capacities from constitutional claims under *Bivens*. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380-81 (5th Cir. 1987). The United States may not be held liable on a theory of *respondeat superior* under *Bivens*. *See Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998). A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities. *Affiliated Prof'l*, 164 F.3d at 286. This is because its purpose is to deter a federal officer from violating a person's constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Any *Bivens* claims against these defendants therefore should be dismissed for lack of jurisdiction.

C.     **Absolute Immunity**

Prosecutors have absolute immunity for actions taken within the scope of their prosecutorial role. *See Rodriguez v. Lewis*, 427 Fed. App'x 352, 353 (5th Cir. 2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) and *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Plaintiff's claims against two federal prosecutors arising from his prosecution and conviction are therefore barred and subject to dismissal.

D.     **Non-Federal Officers**

Public defenders are not federal officers for purposes of *Bivens*. *Cox v. Hellerstein,* 685 F.2d 1098, (9th Cir. 1982) (finding, by analogy to *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981), which held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" for purposes of § 1983, that federal public defenders are likewise not federal actors for purposes of *Bivens*)); *Hinton v. Rudasill*,

8

624 F. Supp. 2d 48, 50 n. 2 (D.C. Cir. 2009)(same); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Plaintiff's claims against two federal public defenders arising from his prosecution and conviction are also barred and subject to dismissal for failure to state a claim.

D.      **Lack of Personal Involvement by Federal Doe Defendants**

Plaintiff also brings *Bivens* claims against 100 unidentified agents and officers, whom he calls Does because he does not yet know their names. (*See* doc. 1; doc. 8, Ans. 1(c); 3(c).)

A *Bivens* action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens*, 403 U.S. at 390 n. 2 (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 Fed. Appx. 717, *3 (5th Cir. 2007), *citing Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). These types of actions are permitted only where, through discovery, it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293

9

(identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Here, Plaintiff has merely alleged in a conclusory fashion that unknown defendants, with no other identifying characteristics, have violated his constitutional rights. (MJQ (doc. 8), Ans. 3.) Even if he had alleged sufficient information from which their identities could be discovered, he has not alleged how these unnamed defendants had personal involvement in the violation of his rights. A *Bivens* action must be premised upon the personal involvement of the defendants. *See Meyer*, 510 U.S. at 485 (explaining that it "must be remembered that the purpose of *Bivens* is to deter *the officer*"); *Guerrero-Aguilar v. Ruano*, 118 Fed. App'x 832, 832 (5th Cir. 2004) (per curiam). Accordingly, Plaintiff's *Bivens* claims against the Does are frivolous and subject to dismissal because they lack an arguable basis in either law or fact.

## V.  42 U.S.C. § 1983

Plaintiff alleges for the first time in his responses to the questionnaire that some of the Does are state officers. (MJQ (doc. 8), Ans. 3.) As noted, § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under

10

color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

As with the federal Doe defendants, Plaintiff has made only conclusory allegations that unknown state defendants, with no other identifying characteristics, have violated his constitutional rights. (MJQ (doc. 8), Ans. 3.) In the absence of any allegations of personal involvement by them, any claims against state officer Doe defendants under 42 U.S.C. § 1983 likewise necessarily fail. *See Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir.1999); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983).

## VI. DEPORTATION CLAIMS

To the extent that Plaintiff is attempting to relitigate his deportation order in this case, district courts do not have jurisdiction to review any deportation order or prevent a future deportation. *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir 2005); *see also Merlan v. Holder,* 667 F.3d 538, 539 (5th Cir. 2011) (a district court does not have jurisdiction to review a removal order). This claim is subject to dismissal for lack of jurisdiction.

## VII. HABEAS CLAIMS

A plaintiff may not challenge the validity of his guilty plea in a civil rights claim. *See Jackson v. Torres,* 720 F.2d 877, 879 (5th Cir. 1983); *see also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Accordingly, any habeas claims challenging his conviction should be summarily dismissed.

## VIII. RECOMMENDATION

All of Plaintiff's claims against the named and unnamed individuals and all claims against the United States, except for those under the Federal Tort Claims Act, should be **DISMISSED** with

prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Federal Tort Claims Act Claims against the United States should proceed.

**SO RECOMMENDED on this 13th day of November, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE