IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFREN MARTINEZ MEDINA, | § | |
| Plaintiff, | § § § | |
| v. | § § | No. 3:12-cv-3702-M (BF) |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States of America has filed a motion to dismiss this *pro se* civil action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the District Court should grant the motion and dismiss this case for lack of subject matter jurisdiction.

### Background

Plaintiff Efren Martinez Medina brings this civil action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging that he was imprisoned for approximately six months longer than he should have been. On or about May 23, 2007, Plaintiff was arrested for selling a fake driver's license and social security card to an undercover police officer in Coppell, Texas. *See* Def. App. at 7-8, ¶ 4. Plaintiff later pled guilty to several offenses involving the possession and transfer of false identification documents, as well as aggravated identity theft. *Id.* at 10-20. The District Court sentenced Plaintiff to a total of 48 months of imprisonment, including 24 months related solely to the aggravated identity theft count, followed by a two-year term

of supervised release. *Id.* at 21-33. Plaintiff's conviction and sentence were affirmed on direct appeal. *See United States v. Martinez*, 322 F. App'x 384 (5th Cir. 2009).

On June 9, 2009, however, the United States Supreme Court granted Plaintiff's petition for writ of certiorari and remanded the case to the Fifth Circuit for further consideration in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), which held that a conviction for aggravated identity theft requires proof of a defendant's actual knowledge that the false identification belongs to another person. Def. App. at 42. On remand, the Fifth Circuit granted a joint motion to vacate Plaintiff's aggravated identity theft conviction and returned the case to the District Court for resentencing. *Id.* at 43. The District Court granted Plaintiff's unopposed motion for immediate resentencing *in absentia* and resentenced him to 24 months of imprisonment on the remaining counts. *Id.* at 58-64. When prison officials at the Eden Detention Center in Eden, Texas where Plaintiff was incarcerated received a copy of the amended judgment, they recalculated Plaintiff's sentence and determined his release date to be February 16, 2009, which had already passed. *Id.* at 65-72. The prison officials immediately released Plaintiff to the Immigration and Naturalization Service pursuant to a deportation detainer, and Plaintiff was removed to Mexico the same day. *Id.* at 73-75.

Plaintiff re-entered the United States before his two-year term of supervised release expired. *Id.* at 76. He was apprehended and charged with illegal re-entry and violation of his supervised release. *Id.* at 76-77. Plaintiff was convicted on both counts and sentenced to a total of 35 months incarceration. *Id.* at 79-87. Prison officials at the Giles W. Dalby Correctional Facility in Post, Texas, where Plaintiff was sent to begin serving his sentence, acknowledged that Plaintiff had served

more time than required on his previous sentence and applied credit for that time to his new sentence. *Id.* at 90. Plaintiff was released from custody again on December 17, 2012. *Id.*

On May 29, 2012, while he was still in custody at the Giles Dalby Correctional Facility, Plaintiff filed an administrative claim with the Bureau of Prisons ("BOP") seeking $575,000 as compensation for "approximately six months of unnecessary imprisonment." *Id.* at 92-93. The BOP denied his claim as untimely, *id.* at 94, and Plaintiff filed the instant lawsuit against the United States and others in federal district court. In his complaint and answers to the Magistrate Judge's questionnaire, Plaintiff alleges that he was imprisoned for six or seven months longer than he should have been. He contends that the additional time he served violated his constitutional rights and resulted in unspecified physical injuries, emotional pain, and mental anguish. He seeks $1.55 million in compensatory and punitive damages, costs, and attorneys' fees.

Upon screening his complaint, the Court dismissed all of Plaintiff's claims except those against the United States under the FTCA. The government then filed a motion to dismiss Plaintiff's remaining claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that: (1) Plaintiff did not timely present his administrative claim to the BOP; (2) the United States is not responsible for the acts of the independent contractors at the Eden Detention Center and Giles Dalby Correctional Facility who calculated his release dates; and (3) the United States has not waived sovereign immunity for constitutional claims under the FTCA. The government further asserts that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff was ordered to file a written response to the motion, but failed to do so. The Court therefore considers the motion without the benefit of a response.

## Legal Standards and Analysis

Where, as here, a Rule 12(b)(1) motion is filed together with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court should grant a motion under 12(b)(1) only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The court may find a plausible set of facts supporting subject matter jurisdiction by considering (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (internal citations omitted)). The plaintiff as the party asserting jurisdiction bears the burden of proof at all times on a Rule 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161 (5th Cir. 2001).

A district court lacks jurisdiction to consider a claim under the FTCA unless the plaintiff has exhausted his administrative remedies with the appropriate federal agency prior to filing suit. 28 U.S.C. § 2675(a); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Presentment of an administrative claim within two years of accrual is also a jurisdictional prerequisite to suit. *In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 646 F.3d 185, 189 (5th Cir. 2011) (per curiam) (citing *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998)); 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.").

An FTCA claim accrues when the plaintiff knows or has reason to know of the alleged injury which is the basis of the action. *Ramming*, 281 F.3d at 162.

In this case, Plaintiff presented his administrative claim for "unnecessary imprisonment" to the BOP on May 29, 2012. *See* Def. App. at 92. Plaintiff contends this action was timely because he did not know of the alleged basis of his claim until June 20, 2011, when his counsel argued at the sentencing hearing for his illegal reentry that Plaintiff had served more time than required on his original sentence for the offenses involving possession and transfer of false identification documents. *See* Plf. Ans. to Mag. J. Quest. (Doc. 8) at 1(g), 5(c) & 6. The record demonstrates, however, that Plaintiff knew or had reason to know much earlier of the alleged basis for a claim of "unnecessary imprisonment." The Fifth Circuit vacated Plaintiff's conviction for aggravated identity theft on July 13, 2009. Def. App. at 43-44. On July 29, 2009, Plaintiff executed a sworn affidavit in which he acknowledged that the Fifth Circuit had vacated his conviction and agreed to resentencing *in absentia* provided that the court dismissed his aggravated identity theft conviction and reimposed the same concurrent sentences of 24 months on the remaining counts. *Id.* at 56, ¶¶ 2, 5. On August 25, 2009, the District Court granted Plaintiff's motion for immediate resentencing on the terms he requested. Plaintiff was released from prison on August 28, 2009, when officials at the Eden Detention Center recalculated his sentence and determined that his release date had already passed. *See id.* at 73-75. Plaintiff thus knew or had reason to know in late July or August of 2009 that he might have served more time than required as a result of his conviction for aggravated identity theft. Because Plaintiff failed to present his administrative claim to the BOP within two

5

years of this date, the Court lacks jurisdiction to consider Plaintiff's claim under the FTCA.[1] The District Court should grant the government's Rule 12(b)(1) motion to dismiss.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT the government's Rule 12(b)(1) motion and DISMISS without prejudice Plaintiff's claims for lack of subject matter jurisdiction.

SO RECOMMENDED, September 4, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

[1] The resolution of this threshold jurisdictional issue pretermits consideration of the other grounds raised by the government in its motion to dismiss.